**SO ORDERED.**

**SIGNED this 31 day of October, 2008.**

_____
**Randy D. Doub**
**United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILSON DIVISION

| | |
|---|---|
| IN RE: | CASE NO. |
| GREGORY SULLIVAN, | 07-04947-8-RDD |
| DEBTOR | |

**ORDER DENYING MOTION TO ABSTAIN**

Pending before the Court is the United States' Motion Requesting the Court to Abstain from Exercising its Jurisdiction (the "Motion") and the Debtor's Response to the United States' Motion (the "Objection"). A hearing was held in Wilson, North Carolina on October 22, 2008.

The United States filed the pending motion requesting that the Court abstain from hearing the debtor's objection to the claim of the Internal Revenue Service (the "IRS") and allowing the United States to file a motion to lift the automatic stay to permit filing suit in the United States District Court.

On February 13, 2008, the IRS filed a proof of claim for a priority claim in the amount of $459,130.74 assessed for trust fund penalties under 26 U.S.C. § 4472. The claim alleges that Mr. Sullivan, as an officer of Ideal Express, Inc., is personally liable for the trust fund civil penalties.

The IRS believes that two additional officers may also be liable for the trust fund penalties. Gregory Sullivan (the "Debtor") disputes his alleged liability and, on March 19, 2008, filed an objection to the claim asserting that the penalties should not have been assessed against him.

The IRS contends that it would be prejudiced if this Court retained jurisdiction in order to determine the validity and amount of its claim. Because Mr. Sullivan is one of three officers that the IRS believes may be liable for trust fund assessments, the IRS alleges that by deciding this matter, the Court may reach a conclusion with respect to Mr. Sullivan's liability that may be inconsistent or in conflict with another court's later findings. The IRS claims that the mere possibility of inconsistent decisions is prejudicial.

In addition, the IRS expressed its concern regarding a duplication of efforts if the other two individuals were located. The IRS claims that it would be required to conduct duplicate discovery. However, based upon the statements of counsel at the hearing, extensive discovery has already been completed in the claim objection proceeding. In reality, should the IRS locate the other individuals, there would be no duplication of efforts related to discovery from the Debtor, as it has already been completed. With respect to the other defendants, regardless of whether this Court exercises its jurisdiction or not, the IRS will still be required to take discovery of those individuals once they are located.

The debtor contends that this case is ready to proceed and the IRS will not be prejudiced if the Bankruptcy Court were to rule on the Debtor's objection to the IRS claim. Since the claim objection was filed in March 2008, the IRS has conducted discovery, including interrogatories, requests for production of documents, and a deposition of the Debtor. Debtor's counsel represented

to the Court that his client has complied with all of the discovery requests propounded upon his client. To date, the IRS has been unable to depose the other officers of Ideal Express, Inc. The United States stated in its Response to the Debtor's Objection to Claim that it might seek abstention. Nearly 6 months has passed and the IRS has still not been able to locate the other potential defendants or sought to lift the automatic stay.

     A delay in the adjudication of this matter will be prejudicial to the debtor. The success of the debtor's reorganization is contingent on whether or not the claim of the IRS is allowed. The IRS elected to proceed with discovery in this Court and, only now, more than six months after it began discovery, is it requesting that this Court abstain. The Debtor contends that abstention is prejudicial to him. This matter is ripe for adjudication by this Court. Delaying the resolution of the claim objection will delay the administration of the Debtor's bankruptcy estate. Even though the IRS disagrees that abstaining from this case will cause a delay in the administration of the bankruptcy estate, the IRS conceded that resolution of this matter by the United States District Court could take more than a year. At this time, the IRS has not even sought relief from the automatic stay to institute an action against the debtor in United States District Court, nor has it even located all of the possible defendants. To delay this matter while the IRS continues to look for its defendants and decides whether or not to file a complaint in District Court, prejudices the debtor.

     Beyond the concerns of how prejudicial a delay will be, the debtor claims that the argument that a decision by this court could be inconsistent with a decision of another court is without merit. The debtor asserts that the factual questions before this Court are whether or not the debtor had a duty as an officer of Ideal Express, Inc. to the IRS in connection with the trust fund assessment and if the debtor willfully failed to perform that duty. The debtor argues that this factual question relates

specifically to him personally and a decision by this Court will not have an impact on how another court may rule with respect to the other potential defendants.

Based on the foregoing, the United States' Motion Requesting the Court to Abstain from Exercising its Jurisdiction is **DENIED.** The Objection to the Claim of the Internal Revenue Service shall be set for hearing on January 13, 2009 at 1:00 pm in the Wilson Courtroom, located at the United States Bankruptcy Court for the Eastern District of North Carolina - Wilson Division, 1760-A Parkwood Boulevard, Wilson, North Carolina 27893. Time for completing discovery is extended until December 31, 2008.

**SO ORDERED.**

**END OF DOCUMENT**